IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA FORD, on behalf of<br>KAISER-BERNARD FORD III<br><br>Petitioner,<br><br>VS.<br><br>JIM BOWLES, ET AL.<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>NO. 3-05-CV-0723-D |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Gloria Ford, appearing *pro se* and on behalf of Kaiser-Bernard Ford III, has filed an "Emergency Writ of Habeas Corpus." For the reasons stated herein, the writ should be dismissed without prejudice for lack of subject matter jurisdiction or, alternatively, for failure to comply with a court order.

I.

This is a habeas proceeding brought under 28 U.S.C. § 2241. In a nine-page typewritten pleading signed only by Gloria Ford "In Propia Persona," she alleges that her son is being illegally held as a "hostage" in the Dallas County Jail. The court notified Gloria that she could not prosecute this action without some proof that Kaiser-Bernard Ford III, the real party in interest, is unable to represent himself and has authorized her to act on his behalf. Gloria was directed to seek leave to proceed as next friend for Kaiser and file an application for writ of habeas corpus on a court-approved form by May 18, 2005. Alternatively, Kaiser was directed to submit a signed habeas petition if he desired to prosecute this action in his own name. Both Gloria and her son were warned that "the failure to comply with this order will result in a recommendation that the case be dismissed

pursuant to Fed. R. Civ. P. 41(b)."  *See* Order, 4/20/05.

In response to the order, Gloria submitted a pleading wherein she alleges that her son executed a Durable Power of Attorney that "was unlawfully seized by a search warrant issued by direction of respondent."  (*See* Resp. to Order, 4/26/05).  Attached to the response is a birth certificate establishing that Gloria is Kaiser's birth mother.  However, Gloria failed to explain why her son cannot prosecute this action himself.  Nor has Gloria or Kaiser submitted a habeas petition on a court-approved form.  The court therefore determines that this action should be dismissed for lack of subject matter jurisdiction or, alternatively, for failure to comply with a court order.

II.

The federal habeas statute provides, in pertinent part, that an "[a]pplication for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242.  In *Whitmore v. Arkansas*, 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990), the Supreme Court made clear that standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another."  *Whitmore*, 110 S.Ct. at 1727.  A party seeking to represent a prisoner in a habeas proceeding must:  (1) explain why the real party in interest cannot prosecute the action in his own behalf; and (2) establish a significant relationship with and a true dedication to the best interests of the real party in interest.  *Id.*, 110 S.Ct. at 1727.  *See, e.g. Rumbaugh v. McKaskle*, 730 F.2d 291, 293 (5th Cir. 1984), *cert. denied*, 105 S.Ct. 3544 (1985) (parents have standing to prosecute death penalty habeas action on behalf of prisoner who is incompetent to waive right to federal habeas review).

Assuming *arguendo* that Gloria Ford has established a significant relationship with and a true

dedication to the best interests of Kaiser-Bernard Ford III, there is no indication that her son cannot prosecute this action in his own behalf. The birth certificate attached to Gloria's response shows that her son is now 33 years old. Presumably, Kaiser, who is incarcerated in the Dallas County Jail, has access to the jail law library. There is no suggestion that the real party in interest is incompetent or otherwise unable to present his claims to the court. Accordingly, Gloria lacks standing to prosecute this action on behalf of her son.

III.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court previously ordered Gloria Ford to seek leave to proceed as next friend for her son and file an application for writ of habeas corpus on a court-approved form by May 18, 2005. Alternatively, the court directed Kaiser-Bernard Ford III to file a signed habeas petition if he desired to prosecute this action in his own name. Neither Gloria nor Kaiser have complied with that order. Consequently, this case should be dismissed pursuant to Fed. R. Civ. P. 41(b). *See Hinds v. Deburko*, 2004 WL 626267 at *1 (N.D. Tex. Mar. 25, 2004), *rec. adopted*, 2004 WL 813513 (N.D.

Tex. Apr. 14, 2004) (dismissing habeas petition filed by father of inmate who did not seek leave to proceed as next friend).

## RECOMMENDATION

Gloria Ford's emergency writ of habeas corpus should be dismissed without prejudice for lack of subject matter jurisdiction. Alternatively, the writ should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 20, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE